■ RALPH F. PASSONNO, JR., Appellant, v JUDITH M. PASSONNO et al., Respondents. — Appeal from an order of the Surpeme Court at Special Term (Kahn, J.), entered January 26, 1981 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint. Plaintiff and defendant Judith M. Passonno were divorced in December, 1977, under a decree which gave the wife exclusive possession of the marital residence, the title to which was in plaintiff's name, and directed plaintiff to pay installments of principal and interest on the mortgage covering the premises. In October, 1978, Marine Midland Bank, the mortgagee, commenced foreclosure proceedings based upon default in the mortgage payments. A judgment of foreclosure and sale was granted in December, 1978, and pursuant thereto, a referee's sale was held February 6, 1979. At the sale, defendants Harold and Julia Rowe, the parents of Judith Passonno, purchased the property. Plaintiff thereafter commenced the instant action to establish an interest in the property under RPAPL article 15. The complaint alleged that at some unspecified date, a Rensselaer County Family Court order was entered awarding Judith Passonno occupancy of the marital residence with the obligation to make the premises available to prospective purchasers or tenants, and that defendants conspired together to deprive plaintiff of his interest in the property by refusing access to it by real estate agents and prospective buyers and tenants and by urging the mortgagee to foreclose the mortgage. After serving an answer, defendants moved to dismiss the complaint for legal insufficiency pursuant to CPLR 3211 (subd [a], par 7). The moving papers consisted of an attorney's affidavit, to which was attached various items of documentary evidence. Plaintiff responded solely by an affidavit of his attorney in opposition. Thereafter, Special Term notified each side by letter of its intention to treat the motion as one for summary judgment (CPLR 3211, subd [c]) and invited the parties to submit additional evidence if they so desired. Defendants' attorney accordingly submitted additional documentary evidence to support their position, but plaintiff chose not to submit any further evidence. In our view, Special Term was correct in granting defendants summary judgment. The election to treat the motion as one for summary judgment was properly made in accordance with CPLR 3211 (subd [c]). Defendants submitted proof in admissible form establishing plaintiff's default on the mortgage, notice and due demand by the mortgagee, the procedural regularity of the foreclosure action and sale after personal jurisdiction over plaintiff had been obtained, and the purchase at the sale by the defendants Rowe. This proof was sufficient to sustain defendants' affirmative defense (*Dorff v Bornstein,* 277 NY 236). Defendants' attorney's affidavit served as the vehicle for the submission of the necessary evidence, and, therefore, that evidence could properly be considered on the motion (*Zuckerman v City of New York,* 49 NY2d 557, 563). It then became incumbent

upon plaintiff to submit countervailing proof in admissible form to demonstrate the existence of a triable issue of fact on any possible cause of action under the allegations of the complaint (*Zuckerman, supra,* p 562). No such evidence to support the factual allegations of the complaint was submitted. The bare, conclusory averments of plaintiff's attorney's affidavit were clearly insufficient either for that purpose or to demonstrate an acceptable excuse for failure to meet the strict requirements of tender in admissible form (*Zuckerman v City of New York, supra; Rotuba Extruders v Ceppos,* 46 NY2d 223, 230-231). Order affirmed, with costs. Sweeney, J. P., Main, Casey, Weiss and Levine, JJ., concur.